### FRANK P. CLARK, ADMR. V. ABNER BOLTZ ET AL.

RECOVERY FOR CARE AND SUPPORT FURNISHED TO A DECEDENT.

B and wife brought an action against the administrator of G for personal judgment on account of care and support furnished to G for a number of years. The petition set forth an agreement whereunder such care and support were to be furnished to G during the remainder of her life in consideration of a certain house and lot being conveyed to them, of which G died the owner, and intestate. *Held:*

1. The action was for a *quantum meruit*, and the references in the petition to the agreement or contract were surplusage.

2. The defendant, having successfully interposed an objection to the introduction of testimony as to the value of the house and lot, will not thereafter be heard to complain that the recovery may be for a much larger sum than the value of the house and lot.

3. An allegation of demand and default is not necessary in such a case; the presentation of the account to the administrator and its rejection by him was sufficient.

4. The claim that the proof has established that the cause of action, if any existed, was in favor of the wife, and not in favor of both husband and wife, does not on review furnish a basis for the contention that there has been a misjoinder of parties, where leave to answer as to the alleged misjoinder was not sought at the trial below; nor would the joining of the husband, by gift, assignment or otherwise, in the right of action existing in the wife, be necessarily a matter of any prejudice to the defendant administrator.

5. Where the record does not affirmatively show that requests for instructions to the jury before argument were submitted in writing, the correctness of the instructions will not be inquired into by a reviewing court.

[For other cases in point, see 2 Cyc. Dig., "Contracts," §§ 3167-3171; 4 Cyc. Dig., "Executors and Administrators," §§ 639, 640.—Ed.]

[Syllabus approved by the court.]

ERROR to Wood common pleas court.

**S. P. Harrison** and **Poe & Poe,** for plaintiff in error.

**W. H. McMillen,** for defendants in error:

Cited and commented upon the following authorities: *Berry* v. *Collins,* 6 Circ. Dec. 597 (9 R. 656); Rev. Stat. 5061, 5062, 5063 (Lan. 8576, 8577, 8578); *Cannon* v. *Cheney,* 4 Circ. Dec. 335 (8 R. 143); *Elektron Mfg. Co.* v. *Electric Co.* 4 Circ. Dec. 555 (8 R. 311); *Howard* v. *Levering,* 4 Circ. Dec. 236 (8 R. 614); *Wangerien* v. *Aspell,* 47 Ohio St. 250 [24 N. E. Rep. 405]; *First Nat. Bank* v. *Green,* 40 Ohio St. 431; *Cloon* v. *Insurance Co.* 12 Dec. Re. 12 (1 Handy 32); *Beecher* v. *Booth,* (9 R. 469); *Reformed Presb. Church* v. *Nelson,* 35 Ohio St. 638; Rev.

Stat. 4996, 4997 (Lan. 8511, 8512); *Reinheimer* v. *Carter*, 31 Ohio St. 579; 1 Chitty, Pleading (16 Am. ed.) 35; *Gallaher* v. *Thompson*, Wri. 466; *Bartges* v. *O'Neil*, 13 Ohio St. 72; Rev. Stat. 3108, 5005, 5012, 5013 (Lan. 4808, 8520, 8527, 8528); *Gilbert* v. *Sutliff*, 3 Ohio St. 129; *Mason* v. *Alexander*, 44 Ohio St. 318 [7 N. E. Rep. 335]; *Farmers' Mut. F. & L. Ins. Co.* v. *Ward*, 24 O. C. C. 156; *Schweinfurth* v. *Railway*, 60 Ohio St. 215 [54 N. E. Rep. 89]; *Cleveland & E. Elec. Ry.* v. *Hawkins*, 64 Ohio St. 391 [60 N. E. Rep. 558]; *Travelers' Ins. Co.* v. *Rosch*, 13-23 O. C. C. 491; *Lake Shore & M. S. Ry.* v. *Whidden*, 13-23 O. C. C. 85.

## PARKER, J.

The action below was by Abner Boltz and his wife against' Frank P. Clark, administrator of the estate of Catharine Grant, deceased. In the petition it is set forth with considerable particularity that the plaintiffs, being husband and wife, entered into a contract with one Catharine Grant to the effect that the plaintiffs should board and lodge her, and she on her part was to provide a house for all of them; in this house she was to have a special room of her own; the remainder of the house was to be the habitation of the plaintiffs, and at her death this house was to be the property of the plaintiffs as compensation to them for her support. The petition does not so aver, but the evidence discloses that the contract was oral.

The petition does not state distinctly that Catharine Grant failed or refused to perform her part of the contract, but it does disclose that she died intestate the owner of this property, so that it went to her heirs.

The plaintiffs set forth that the value of 'what was furnished in the way of services, purchases, support, etc., was $931.90, covering a period of about six years, from January, 1898, until October 10, 1903; and for the same period they credited $5 per month for the use of the premises as rental, making $345; and they ask for a judgment for the balance of $586.90, and interest.

A general demurrer to this petition was filed. It is stated that the point made upon the demurrer was that the petition disclosed that if there was a cause of action at all, it was one for specific performance, that it was not quite sufficient in its averments for that purpose and there was no prayer for specific performance, but a prayer for personal judgment; that while the petition disclosed imperfectly a cause of action of that character, the action was in effect an action at law. This demurrer was overruled.

It seems to us that there is a good deal in this petition that might have been safely omitted from it. That, of course, would be no reason

for sustaining the demurrer to it; but it is because of this large amount of matter disclosing the contract and giving to the petition the appearance of a claim for the specific enforcement of a contract, that counsel for plaintiff in error seem to have been led to the view and conclusion that it was an action of that character, or should have been so framed distinctively.

It appears to us, however, that it is an action for a *quantum meruit* and not for the specific enforcement of this contract, and that as an action for *quantum meruit* all reference to this contract might have been omitted. Some years ago the firm of which I was a member had a claim of this nature which we undertook to enforce, in the case of *Marx* v. *Loo*, unreported, and in that case in the petition we made no reference whatever to a contract, although there was a contract of this character; we simply sued on a *quantum meruit,* and the petition was very brief indeed, and that petition passed muster both in the lower courts and in the Supreme Court. In the course of the investigation we undertook to prove the contract and the court of common pleas would not allow us to do so. The action of the court of common pleas in the premises was affirmed by the circuit court, but both courts were reversed by the Supreme Court in *Marx* v. *Loo,* 56 Ohio St. 731 [49 N. E. Rep. 1113]— that court holding that we had the right to prove the contract not to obtain specific performance thereof, because the contract being oral, and being in respect to land, could not be enforced on account of the statute of frauds, but that we had a right to prove the contract as a part of our showing that the services were not performed gratuitously; the court holding that since the contract could not be enforced, and since the services were not performed gratuitously we had a right to sue and recover on a *quantum meruit.* The final hearing in the case, including the petition, and all matters pertaining to it, will be found in final record No. 49 of this court, and the mandate of the Supreme Court will be found at page 309 of that record. We came back and retried the case along those lines, though we failed to recover for lack of evidence to satisfy the jury, and failed to have the matter reviewed again by the circuit court on account of some irregularity in preparing our bill of exceptions, and so the matter ended; but that particular point was considered and passed upon by the Supreme Court. So we think that the plaintiffs in this case had a right to sue upon a *quantum meruit,* and that the petition is sufficient along that line, and that all of this matter about the contract set forth in the petition, may be regarded as surplusage.

In *Berry* v. *Collins,* 6 Circ. Dec. 597 (9 R. 656), an action for

services as a housekeeper, while this particular point does not appear to have been involved, is referred to by Judge King in his opinion at pages 599 and 600. There was in the case testimony that the defendant promised that he would give the plaintiff a farm as compensation for her services, and Judge King, in the opinion, says:

"In that connection, the court refused to allow the plaintiff to show the value of any farm, or of the farm which seemed to have been indicated by the declarations of Mr. Berry, in stating that he would give her a farm. Nothing was done by the court in that respect certainly, which could be prejudicial to the defendant. Circumstances could be easily imagined where that class of testimony would be entirely competent; but it is perhaps not necessary to pass upon that. I might suggest, however, that if there was testimony that went to the jury that could be said to tend to prove that he had engaged this woman under a promise to give her a farm for her services, such an arrangement or contract would be within the statute of frauds, and she could not enforce it and she might sue, as she did in this case, to recover the value of those services, and the value of the farm would be competent evidence to be given to the jury for the purpose of showing exactly what he intended to pay her. That far it would be competent to show that her services were worth as much as that farm. A verdict would not be disturbed, based upon that kind of testimony."

It will be observed that Judge King's opinion goes a little further than the holding of the Supreme Court, in the case of *Marx* v. *Loo, supra.* It is intimated that the value of the farm might be the measure of damages. That was a question involved in *Marx* v. *Loo,* but all we asked in that case was leave to show that the services were not gratuitously performed.

It is urged in this case that the amount recoverable for the services, if this contract were established by the evidence, would be the value of this house and lot—whereas the recovery here may be for a great deal more, that the house and lot may not be worth over a hundred dollars, while the recovery was of many times that amount. There may be something in that; we are not prepared to say; we have not been called upon to examine into the question closely, but we think that in the condition of this record, the plaintiff in error is not in a position to take advantage of the absence of evidence as to the value of the house and lot, and we shall assume that the house and lot was worth as much as the amount of the recovery, for the reason that the plaintiffs below undertook to prove the value of the house and lot and this was objected to by the defendant below, and because of that objection the plaintiffs

Clark v. Boltz.

were not permitted to make this proof; and having stood in the way of making this proof, this court will not now assume, in order to find ground for reversal of this judgment, that the house and lot were not as valuable as the amount of this recovery. What plaintiff so offered to prove is found on page 97 of the record.

It is said that there is no allegation or proof of a demand of performance and a default. If this were an action for specific performance of the contract, perhaps something of that kind would be necessary; but nothing was necessary in this case other than what was done—presentation of the account to the administrator and its rejection by him.

It is said that the evidence discloses that this cause of action, if there was a cause of action, was in favor of the wife and not in favor of the husband: that it was not joint and that, therefore, there was a misjoinder; and that this results from the fact that the deceased lady promised in her lifetime from time to time to convey this property, or declared it was her purpose to convey it, to the wife. Looking into the record, we find her declared purpose stated both ways. She seems to have said on occasions that she meant it for "them," referring to the husband and wife, and it appears that the support furnished to her and the services, were performed by both husband and wife. But aside from that, we think that question cannot be raised now by the plaintiff in error. There was no demurrer upon the ground of misjoinder though perhaps nothing can be claimed from that because it is not disclosed by the petition that it was a cause of action in favor of one and not the other or of both. But passing that, there was no answer that the cause of action was not in favor of both, but that if it existed it was in favor of one; in other words, the plaintiff in error did not seek to take advantage of this misjoinder, if there was one, by either demurrer or answer, and the statute, Rev. Stat. 5063 (Lan. 8578) provides as follows:

"When any of the grounds of demurrer to the petition do not appear on its face, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objections that the court has no jurisdiction of the subject of the action, and that the petition does not state facts sufficient to constitute a cause of action."

That certainly is very plain. Had the plaintiff in error been desirous of taking advantage of claimed misjoinder, an answer should have been filed. That was not done but it is urged by the plaintiff in error that the fact of the misjoinder developed upon the trial of the case. That is no reason for not complying with the statute. If that fact then developed and plaintiff in error had not been advised of it before, he

might then have taken leave to answer. The court would have undoubtedly given him leave to make that answer. We know of no authority for permitting one to pass the question without raising the issue by pleading, and then undertaking to raise it upon the evidence and show that the verdict should be set aside and judgment reversed because it is disclosed by the evidence that the cause of action was not in favor of all of the plaintiffs joined in the petition. If it were true that the cause of action was in favor of but one of the plaintiffs, if that plaintiff agreed to share the cause of action with another by an assignment, either as matter of gift or otherwise, or, not pursuing the method by formal assignment, had agreed to join another as plaintiff so as to give him a share of the recovery, it is not apparent that that would be a matter of prejudice to the defendant in the case, though the defendant might have objected to such misjoinder had he cared to do so.

There were certain requests to charge on behalf of the defendant below which were not given. We think the court was justified in refusing to give these requests, because the propositions of law contained in them are not correct; but aside from that we would not reverse the judgment in this case even if we found that those instructions were correct, for the reason that it is not disclosed by the record affirmatively, as it must be to justify a reversal upon that ground, that the requests were submitted in writing. The record says, "Before any argument of counsel the defendant requested the court to charge the jury as follows, to wit:" and then follow these charges.

The case of the *Toledo, F. & N. Ry.* v. *Gilbert*, 24 O. C. C. 181, presented this same question. The opinion is by Judge Hull and on page 186 he says:

"This record before us does not show that these instructions that were requested of the court were written instructions; it simply shows that the defendant submitted to the court certain requests which they asked to be given to the jury before argument, and shows that the court gave some instructions. It does not show that the court read those that were given, and if there should be any inference at all it might be inferred that those were committed to writing or printed, by some one, but by whom it does not appear. And as to those that were refused, the record shows nothing, and for aught that appears in the record, the requests, as is often the case after argument, may have been oral requests of counsel, and not made in writing. To constitute error in the action of the court in this respect, the record must show affirmatively that the requests for instructions were written requests, which the statute clearly contemplates the court shall have

Clark v. Boltz.

opportunity to examine and deliberate upon, if it desires, before they are given to the jury or refused."

That has been our construction of the statute, as applied by us in a large number of cases, though that is the only reported case I am able to lay my hands on at this time.

The paragraph of Rev. Stat. 5190 (Lan. 8699), applicable, reads:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

We think a right of recovery on a *quantum meruit*, of the amount that the jury returned in their verdict, was clearly established by the evidence, that the verdict was right, and that the judgment ought to stand, and it will be affirmed.

**Haynes, J.,** concurs.